**Robert Merman X. HARRIS, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 24491.**

United States Court of Appeals,
Ninth Circuit.

Nov. 12, 1970.

**24**

Robert Merman X. Harris, in pro. per.

William B. Shubb, Asst. U. S. Atty., Sacramento, Cal., for appellee.

Before HAMLEY and KOELSCH, Circuit Judges, and PLUMMER, District Judge.*

HAMLEY, Circuit Judge:

On February 28, 1963, Robert Merman X. Harris was convicted, on his plea of guilty, on two counts of an indictment charging him with forging a United States Treasury check, and with uttering the check, in violation of 18 U.S.C. § 495. On December 13, 1968, he filed this proceeding, under 28 U.S.C. § 2255, to vacate that judgment of conviction. The court appointed counsel to represent Harris in the section 2255 proceeding. An evidentiary hearing was held and the district court entered an order denying the motion. Harris then took this appeal in propria persona.

In the district court appellant sought relief on the grounds that his plea of guilty was preceded by a confession obtained by promises and coercion; that his plea did not represent an intelligent waiver of his constitutional right to a trial; and that he did not have adequate representation of counsel at the time of his plea. Harris renews these contentions on this appeal.

The circumstances under which Harris entered his plea of guilty are as follows. In December 1962, a special agent of the United States Secret Service, through the alleged use of threats and promises, obtained a written incriminating statement from Harris. On February 26, 1963, Harris was arraigned and counsel was appointed to represent him. Harris met with his attorney on February 27, 1963, and related that he had signed the incriminatory statement.

When the confession was taken, and at the time of arraignment and plea, Harris was serving a sentence in a California state prison. The attorney advised Harris that, since he was already in prison on a similar charge, if he pleaded guilty he would be placed on probation. On February 28, 1963, Harris pleaded guilty. The district court then decided to postpone entry of judgment and sentence until the California Adult Authority had determined the length of sentence to be served by Harris.

By November 16, 1964, Harris had become impatient because of the delay in fixing the maximum state sentence to be served. Accordingly, on that day, while represented by counsel, Harris asked that the federal judgment be entered and sentence pronounced without further delay. Harris' counsel informed the court at that time that Harris had been told by officials of the California Adult Authority that the Authority would not further consider his case until the federal judgment and sentence had been entered.

The matter was continued a few days to November 25, 1964. Harris then re-

---

* The Honorable Raymond E. Plummer, United States District Judge for the District of Alaska, sitting by designation.

newed his request for immediate entry of judgment and sentence. The district court thereupon entered judgment of conviction and sentenced Harris to five years upon each of the two counts, the sentences to be concurrent with each other but consecutive to the state sentence then being served. The court invoked the provisions of 18 U.S.C. § 4208(a)(2), indicating that Harris would be eligible for immediate parole after he had completed his state sentence.

If Harris' plea of guilty will withstand collateral attack he is not here entitled to relief. To withstand collateral attack the plea must be made voluntarily, since it constitutes Harris' admission that he committed the acts charged, and it must be made with awareness of the relevant circumstances and consequences, since a waiver of constitutional rights is involved. Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

The circumstances in which the plea was entered do not indicate that the assertedly coerced confession rendered his plea of guilty involuntary. At best, such circumstances show the admissibility of his confession was mistakenly assessed. At worst, they evidence a conclusion on his part that even without the confession acquittal was unlikely. McMann v. Richardson, 397 U.S. 759, 768–769, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). There is no indication, nor does Harris charge, that the alleged threats and coercion carried over from the confession to taint his plea of guilty.

Nor are we convinced Harris' plea amounted to an unintelligent waiver of the right to trial. His argument is that he was ignorant of his constitutional rights with respect to the admissibility of the confession, and that at no time prior to the plea did anyone inform him regarding these rights. He asserts his counsel advised him that upon the plea of guilty he would be put on probation, since he was then serving a sentence under a state conviction. He states that he

chose the course he took only because he was interested in obtaining his freedom. But he does not allege that his plea of guilty is untrue.

■ When, as here, a guilty plea is entered upon the advice of counsel, the determination of whether the plea was intelligently made depends upon whether the advice of counsel was within the range of competence required of attorneys representing defendants in criminal cases. McMann v. Richardson, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).

■ The advice given Harris was sound. His sentencing was postponed pending action of state authorities in determining the actual sentence to be served in state prison. The district court which accepted Harris' plea of guilty stated that it was uniform practice, in the absence of a violation of the terms of probation to bring the defendant back after he finished his term with the state and simply place him on probation, with the hope that he was rehabilitated. The only reason that procedure was not followed here was because the state authorities surprisingly declined to fix Harris' actual state prison term until after the federal sentence had been imposed. The district court was thus prevented from following its regular practice, and, at the request of Harris, entered judgment and imposed sentence upon him.

Harris' attorney could not reasonably have foreseen this unusual conduct of the state authorities. Even the district court was taken aback by this development. We hold that under these circumstances there was no infirmity in the advice given Harris of a kind reflecting upon the competency of his counsel.

It is apparent that Harris was motivated to plead guilty on the federal charges because of the likelihood that he would receive probation. Since he was not motivated by the challenged confession, nor with whether the government

could prove his guilt, we have no occasion to consider whether the admissibility of the confession was improvidently determined by counsel. The remainder of Harris' arguments are either subsumed by the guilty plea or do not constitute grounds for relief in this proceeding.

Affirmed.